**Karel M. SAMMONS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 87333.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 24, 2006.

1. Respondent Lindsey Edward Luehrs's motion to file his supplemental legal file is granted.

Nancy A. McKerrow, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Roger W. Johnson, Assistant Attorney General, Jefferson City, MO, for respondent.

Before GLENN A. NORTON, P.J., LAWRENCE E. MOONEY, J., and KENNETH M. ROMINES, J.

## *ORDER*

PER CURIAM.

Karel M. Sammons appeals the judgment denying his motion for post-conviction relief under Rule 29.15.[1] In his sole point on appeal, Sammons argues the motion court clearly erred in finding trial counsel's decision to forego cross-examining Officer Michael Beilsmith about the suggestiveness of the lineup identification of Sammons by the confidential informant to be a matter of trial strategy. This Court previously remanded Sammons's first appeal of the judgment on his post-conviction motion for findings on this issue in *Sammons v. State*, 155 S.W.3d 772 (Mo. App. E.D.2005).

We have reviewed the briefs of the parties and find the motion court did not clearly err in determining trial counsel's decision to forego cross-examination was a matter of trial strategy. *See White v. State*, 939 S.W.2d 887, 897 (Mo. banc 1997). Moreover, because the informant knew Sammons and his identification of him was independently reliable, Sammons failed to prove he was prejudiced by trial counsel's decision to forego cross-examining Officer

1. All references to Rules are to Missouri Supreme Court Rules (2006).

Beilsmith. *See Bucklew v. State,* 38 S.W.3d 395, 397 (Mo. banc 2001) (requiring movant to prove prejudice to succeed on an argument that counsel was ineffective); *State v. Sims,* 952 S.W.2d 286, 290–91 (Mo.App. W.D.1997) (stating a suggestive out-of-court identification procedure does not invalidate an in-court identification that is otherwise independently reliable). An extended opinion would have no precedential value. The judgment of the trial court is affirmed under Rule 84.16(b).